IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:23-cv-00330-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On July 27, 2023, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice.[1] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner did not file objections and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] On August 10, 2023, Petitioner filed a Motion to Compel Judgment. ECF No. 30. This filing will be discussed below.

1

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Petitioner did not file objections to the Report but did file a Motion to Compel Judgment.  ECF No. 30.  Upon review, the Court is of the opinion that this document cannot be construed as objections to the Report.  Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the Report, the record, and the applicable law de novo.  Upon such review, the Court adopts in part and respectfully declines to adopt in part the recommendations of the Magistrate Judge.

With respect to Petitioner's claim regarding his custody classification, the Magistrate Judge determined that it did not appear that Petitioner completed the administrative remedy process beyond his initial grievance.  However, upon review of the record, Petitioner attaches administrative grievance responses from the administrative remedy coordinator at FCI Bennettsville, the southeast regional office, and the central

office. Accordingly, the undersigned respectfully declines to adopt this portion of the Report.[2]

Petitioner also claims that his sentence is erroneous. Upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge as to this issue. Petitioner has failed to plausibly allege that a motion pursuant to 28 U.S.C. § 2255 is inadequate; accordingly, Petitioner is required to challenge his sentence through a § 2255 motion by petitioning the Sixth Circuit to file a second or successive § 2255 motion.

Accordingly, the Court adopts in part and declines to adopt in part the recommendation of the Magistrate Judge. The Court respectfully declines to adopt the portion of the Report recommending summary dismissal for failure to exhaust administrative remedies. This issue to recommitted to the Magistrate Judge for further evaluation. The Court adopts the portion of the Report recommending dismissal of Petitioner's claim that his sentence is illegal. This portion of the petition is dismissed without prejudice. The motion to compel judgment [30] is found as moot.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 16, 2023
Spartanburg, South Carolina

---

[2] As noted above, the Court has conducted a de novo review in this case; however, the result would be the same under a review for clear error.