IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ramone Wright, | ) | C/A No.: 5:23-330-DCC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Bennettsville FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ramone Wright ("Petitioner") is a federal prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for a Report and Recommendation on a cross motion to dismiss and motion for default judgment. On April 3, 2024, Respondent filed a Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion for Summary Judgment. ECF No. 43.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 44. On April 8, 2024, Petitioner filed a Motion for a Default Judgment. ECF No. 46. On April 11 and 15, 2024, Petitioner filed Responses in Opposition to Respondent's Motion to Dismiss/Motion for Summary Judgment. ECF Nos. 47, 49.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's Motion for Summary Judgment be granted, and Petitioner's Motion for Default Judgment be denied.

---

[1] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Petitioner contained an explanation of the summary judgment procedures.

I.      Factual and Procedural Background

Petitioner entered a guilty plea to two counts of Hobbs Act robbery and two counts of Brandishing a Firearm During the Commission of a Crime of Violence. *United States v. Wright*, C/A No.: 2:16-cr-00059-MHW (S.D. Ohio Feb. 13, 2017) ("*Wright I*"), ECF No. 49.[2] On February 9, 2017, the district court sentenced Petitioner to 180-months imprisonment. *Id.*, ECF Nos. 46, 47. Petitioner filed a notice of appeal on June 14, 2017, and the Sixth Circuit Court of Appeals dismissed his appeal on September 1, 2017. *Id.*, ECF Nos. 53, 56. On February 14, 2018, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255. *Id.*, ECF No. 60. The government moved to dismiss the § 2255 motion on June 13, 2018, and the court dismissed Petitioner's § 2255 motion on December 6, 2019. *Id.*, ECF Nos. 77, 88. Petitioner appealed the denial of his § 2255 motion, which the Sixth Circuit construed as a request for a certificate of appealability. *Id.*, ECF No. 92. On May 18, 2020, the Sixth Circuit issued an order denying the application for certificate of appealability. *Id.*, ECF No. 96. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on August 17, 2020. *Id.*, ECF No. 99. Petitioner filed a second § 2255 motion to vacate and the district court transferred the motion to the Sixth Circuit for its consideration under § 2255(h) on April 14, 2021. *Id.*, ECF No. 101. On December 20, 2021, the Sixth Circuit issued an order dismissing Petitioner's motion. *Id.*, ECF No. 102. On August 9 and September 27, 2022, Petitioner filed motions for leave to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. *Id.*, ECF Nos. 119, 125. The Sixth Circuit issued orders dismissing and denying Petitioner' motions for authorization on December 16 and 20, 2022. *Id.*, ECF Nos. 148, 149. On May 25, 2023, the

---

[2] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

Sixth Circuit issued an order denying Petitioner's motion to authorize the district court to consider a second or successive 28 U.S.C. §2255 motion to vacate sentence. *Id.*, ECF Nos. 160, 168. On August 21, 2023, Petitioner filed a motion to vacate sentence, which was transferred to the Sixth Circuit for consideration. *Id.*, ECF No. 174, 176. The Sixth Circuit denied Petitioner's motion on January 5, 2024. *Id.*, ECF Nos. 188, 189.

Petitioner filed the instant petition on January 23, 2023. ECF No. 1.

II.     Federal Habeas Issues[3]

In Grounds One and Two, Petitioner claims his criminal history score, documented in his male custody classification, is incorrect. ECF No. 1-1 at 14. Petitioner argues the criminal history points listed in his presentence report are less than the points attributed to him in his male custody classification. *Id.* at 14–15. Petitioner seeks removal from the central inmate monitoring program, and a recalculation of his criminal history points on the male custody classification. ECF No. 1 at 9.

III.    Discussion

   A. Petitioner's Motion for Default Judgment

Petitioner seeks a default judgment against Respondent arguing the government failed to timely file a response to Petitioner's 2241 petition. ECF No. 46. Respondent had fifty days from the date of service to file a response to Petitioner's petition. ECF No. 36. The certified mail receipt filed with the court indicates Respondent was served on February 23, 2024, and therefore Respondent had until April 15, 2024, to file his response. ECF No. 40. Respondent timely filed his Motion to Dismiss/Motion for Summary Judgment on April 3, 2024, well before the April 15

---

[3] Petitioner's Ground Three claim was summarily dismissed by the court on October 16, 2023. ECF No. 33.

3

deadline. ECF No. 43. Accordingly, the undersigned recommends Petitioner's motion for default judgment be denied.

### B. Respondent's Motion for Summary Judgment

#### 1. Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

#### 2. Analysis

Petitioner seeks correction of his custody classification and removal from the central inmate monitoring program arguing the Federal Bureau of Prisons ("BOP") improperly calculated his criminal history points. ECF No. 1.

4

Respondent seeks dismissal of Petitioner's habeas petition arguing Petitioner's claims concerning his custody classification score and central inmate monitoring system category are not cognizable under § 2241. ECF No. 43 at 9–12. Respondent contends Petitioner's claims do not address the fact or duration of his confinement, and therefore his claims cannot be brought in a petition for writ of habeas corpus. *Id.* at 9–13. Respondent alleges the violation of the BOP program statement or BOP regulations that control custody classification or central inmate monitoring placement does not implicate the constitution and thus does not provide any ground for relief under section § 2241. *Id.* Respondent also argues Petitioner has not alleged a due process violation because he has no liberty interest in his custody classification or in being confined in a particular institution. *Id.* at 13–14.

In his Response in Opposition, Petitioner alleges his criminal history score, documented in his male custody classification, is incorrect. ECF No. 47 at 2–3. Petitioner contends a § 2241 petition is the proper means to challenge the BOP's sentencing calculations. ECF No. 49 at 1. Petitioner alleges the BOP's calculation of his criminal history category as IV is prejudicial as his criminal history category was listed as a III. *Id.* Petitioner argues his due process rights were violated by the "mis-calculation of computation interpretation," and the BOP's failure to follow established rules and procedures pursuant to the United States Sentencing Guidelines ("USSG") § 4A1.2. *Id.* at 2. USSG § 4A1.2 provides instructions for calculating criminal history. Petitioner argues his incorrect criminal history score in his custody classification deprived him from filing a second or successive § 2244 petition on the inflation of his criminal history category from III to IV. *Id.* at 3. Petitioner argues his claim is cognizable because the BOP's miscalculation resulted in a fundamental defect which inherently results in prejudice to future post-conviction claims of incorrect criminal history which is a predicate for a complete miscarriage of justice. *Id.* at 5.

Petitioner also argues the merits of his miscalculation of criminal history claim. ECF No. 47; ECF No. 49.

A § 2241 petition is the proper vehicle for a federal inmate to attack the manner in which his sentence is executed. *See* 28 U.S.C. § 2241. A habeas petition brought pursuant to § 2241 is appropriate where a prisoner challenges the fact or duration of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriquez*, 411 U.S. 475, 499–500 (1973).

Petitioner does not offer any factual allegations or arguments challenging the fact or duration of his confinement. Instead, he argues the BOP's purported improper custody classification negatively affects the conditions of his confinement, including being placed in central inmate monitoring. An inmate's custody classification is the procedure whereby the BOP assigns inmates to custody levels according to their criminal histories and institutional behavior/adjustment. BOP's Program Statement ("P.S.") No. 5100.08. The determination of an inmate's Custody Classification score requires the evaluation of several factors, including criminal history score, severity of current offense, and history of violence. *Id.* An inmate's custody level indicates what degree of staff supervision is required. *Id.* The BOP's central inmate monitoring system is a management program utilized to monitor the activities and placement of those inmates who present unusual management concerns. *See* BOP P.S. No. 5180.2.

Because Petitioner has not alleged that the manner in which the BOP calculated his custody and central inmate monitoring classifications changed the fact or duration of his sentence, Petitioner's claims are not properly brought via a § 2241 petition and this Court is without jurisdiction to consider his claims. *See Rodriguez v. Streeval*, C/A No.: 7:20-cv-373, 2020 WL 3840424, at *1–2 (W.D. Va. July 8, 2020) (collecting cases and finding federal inmate's § 2241 challenge to his custody classification was not cognizable in habeas under § 2241); *Jordan v.*

6

*Mansukhani*, C/A No.: 2:17-cv-1051-RBH-MGB, 2017 WL 8473826, at *3 (D.S.C. Nov. 16, 2017) (citations omitted), Report and Recommendation adopted by 2018 WL 1456741 (D.S.C. Mar. 23, 2018) (explaining "[s]everal courts within the Fourth Circuit and this district have found that challenges to custody or security classifications cannot be brought under § 2241, unless the petitioner seeks a 'quantum change in his level of custody,' such as the transfer from a prison facility to a halfway house."); *Dorsey v. Wilson*, 2015 WL 3948604, at *4 (D. Minn. June 11, 2015) (finding that an inmate's central inmate monitoring assignment did not change the fact or duration of his confinement).

Petitioner has also failed to show the calculation of his custody classification and his placement in central inmate monitoring violated a constitutionally protected liberty interest. There is no due process protection afforded claims concerning "prisoner classification." *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Pugliese v. Nelson*, 617 F.2d 916 (2d Cir.1980) (explaining there is no per se due process interest involved regarding an inmate's classification in the Central Inmate Monitoring System). Accordingly, Petitioner does not have a legitimate statutory or constitutional entitlement to a particular classification or custody status. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (noting inmate has no federal constitutional right to be housed in any particular prison facility or to any particular classification); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (inmates generally have no due process liberty interests and the paramount interest in institutional security may require limitation of what constitutional rights are retained). Further, Petitioner's conclusory allegation that the BOP's alleged miscalculation of his criminal history category may negatively impact a future post-conviction claim is insufficient to support a due process claim. The undersigned recommends Respondent's summary judgment motion be granted.

IV.     Conclusion and Recommendation

Based on the foregoing, the undersigned recommends Respondent's Motion for Summary Judgment, ECF No. 43, be granted, and Petitioner's Motion for Default Judgment, ECF No. 46, be denied, and this case be dismissed. If the court accepts this recommendation, Petitioner's pending Motion to Hold in Abeyance, ECF No. 50, and Motion to Compel, ECF No. 52, will be moot.

IT IS SO RECOMMENDED.

September 13, 2024                                                      Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).