IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:23-cv-330-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Bennettsville FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 3, 2024, Respondent filed a Motion to Dismiss or for Summary Judgment. ECF No. 43. On April 4, 2024, Petitioner filed a Motion for Default Judgment. ECF No. 46. Petitioner filed responses in opposition to Respondent's motion. ECF Nos. 47, 49. On September 13, 2024, the Magistrate Judge issued a Report recommending that Respondent's Motion be construed as a Motion for Summary Judgment and that it be granted and further recommending that Petitioner's Motion for Default Judgment be denied. ECF No. 53. The Magistrate Judge advised Petitioner of the procedures and

1

requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner filed objections.[1] ECF No. 62.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge recommended denying Petitioner's Motion for Default Judgment. Neither party has objected to that portion of the Report.

---

[1] Since the issuance of the Report, Petitioner has also filed a motion to compel, a motion for copies, and a notice of change of address. ECF Nos. 56, 57, 61. The Court has reviewed these filings and finds that they should not be considered supplemental objections.

Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.

The Magistrate Judge further recommends granting Respondent's Motion for Summary Judgment because Petitioner's claims are not cognizable under § 2241 and because Petitioner has failed to show that the calculation of his custody classification and his placement in central inmate monitoring violated a constitutionally protected liberty interest.  In his objections, Petitioner appears to allege that he was told by another court to file a § 2241 petition and contends that the increase in his criminal history category "is prejudice in term of halfway house pending appeal."  ECF No. 62 at 2.  Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge.

Here, Petitioner has not alleged that the manner in which the Bureau of Prisons ("BOP") calculated his custody and central inmate monitoring classifications altered the fact or duration of his sentence; thus, these claims are not appropriate for review under § 2241.  *See Jordan v. Mansukhani,* C/A No.: 2:17-cv-1051-RBH-MGB, 2017 WL 8473826, at *3 (D.S.C. Nov. 16, 2017) (citations omitted), *report adopted*, 2018 WL 1456741 (D.S.C. Mar. 23, 2018) (explaining that "[s]everal courts within the Fourth Circuit and this district have found that challenges to custody or security classifications cannot be brought under § 2241, unless the petitioner seeks a 'quantum change in his level of custody,' such as the transfer from a prison facility to a halfway house.").[2]

---

[2] Petitioner is not seeking release to a halfway house.  *See* ECF No. 1.

3

Further, Petitioner failed to show that the calculation of his custody classification and his placement in central inmate monitoring violated a constitutionally protected liberty interest. *See Pugliese v. Nelson,* 617 F.2d 916 (2d Cir.1980) (explaining there is no per se due process interest involved regarding an inmate's classification in the Central Inmate Monitoring System). The Court further agrees with the Magistrate Judge that Petitioner's conclusory allegations that the BOP's alleged miscalculation of his criminal history category may negatively impact a future post-conviction claim is insufficient to support a due process claim. Thus, summary judgment in favor of Respondent is appropriate.

## CONCLUSION

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, Petitioner's Motion for Default Judgment [46] is **DENIED**, Respondent's Motion for Summary Judgment [43] is **GRANTED**, and Petitioner's Motions to Hold in Abeyance and to Compel [50, 52, 56] are **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.